United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 12, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 19-20180** |
| **MIGUEL ANGEL VASQUEZ**, *et al.*, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | **CHAPTER 13** |

## MEMORANDUM OPINION

Joel Gonzalez, of the Law Office of Joel Gonzalez, PLLC, seeks $1,558.96 in post-confirmation legal fees. Because the fees are authorized by the approved fee[1] agreement in this case, the fees will be awarded.

## BACKGROUND

Miguel Angel Vasquez and Carley Nicole Vasquez filed a voluntary chapter 13 petition on April 26, 2019. ECF No. 1. They retained Joel Gonzalez of the Law Office of Joel Gonzalez, PLLC, as their counsel. A chapter 13 plan was confirmed on July 17, 2019. ECF No. 41. The first amended modification of the plan was approved on December 15, 2021, and the second amended modification was approved on June 9, 2023. ECF Nos. 89, 127.

On April 29, 2019, the Court granted the Debtors' Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement. ECF No. 12. In the fixed fee agreement, the Debtors and Gonzalez agreed to a fixed fee of $4,500.00, of which Gonzalez had already

---

[1] Although the fee agreement is named a "Fixed Fee Agreement," it also provides for hourly fees for certain services.

1 / 9

received $504.00 for his representation of the Debtors, leaving a balance of $3,996.00.  ECF No. 7.  The plan provides for payment of the $3,996.00 balance as an administrative expense.  ECF No. 2.  The fixed fee agreement also provides for certain other fixed fee arrangements and hourly fee payments for additional work not mandated by the fixed fee portion of the agreement.  ECF No. 7.

Gonzalez filed a Chapter 13 Fee Application on March 9, 2023.  ECF No. 108.  The fee application seeks $1,283.96 in fees under 11 U.S.C. § 330, representing 3.22 hours of attorney time at $375.00 per hour and 0.60 hours of paraprofessional time at $125.00 per hour.  ECF No. 108.  The application claims this amount for services performed during the time period between November 14, 2022, and March 9, 2023, due to the Trustee's request for updated wage information, amended Schedules I and J, and a revised wage order.  ECF No. 108.

The Trustee filed an objection to the fee application on March 30, 2023.  ECF No. 115.  The Trustee claims that the fees requested are covered under paragraph 1C of the fixed fee agreement.  ECF No. 115.  Under paragraph 1C, Gonzalez's services in assisting the Debtors in filing documents required by § 521 of the Bankruptcy Code are compensated through the $4,500.00 fixed fee provided in the agreement.  ECF Nos. 2, 7, 115.  The Debtors rely on paragraph 4H of that same agreement, which authorizes attorneys' fees at a standard hourly rate not to exceed $375.00 for services not covered by a fixed fee.  ECF No. 7.

A hearing on the fee application was held on April 12, 2023.  ECF No. 118.  The Court took the matter under advisement.

On April 21, 2023, the Debtors filed a Notice of Additional Attorney Fees for Response to Trustee's Motion to Dismiss.  ECF No. 120.  The Debtors request $275.00 in attorneys' fees under the fixed fee agreement for Gonzalez's review of a Motion to Dismiss filed by the Trustee on

March 8, 2023, and Gonzalez's filing of a Response to the Trustee's Motion to Dismiss on March 22, 2023.  ECF No. 120.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The dispute has been referred to the bankruptcy court under General Order 2012-6.

## DISCUSSION

The United States Bankruptcy Court for the Southern District of Texas authorizes Chapter 13 debtor's attorneys to request attorneys' fees on either a fixed fee or lodestar basis.  BANKR. S.D. TEX. R. 2016-1(d); *see also* § 330(a)(4)(B).  The March 9, 2023, Chapter 13 Fee Application and the April 21, 2023, Notice of Additional Attorney Fees seek fees through the approved fixed fee agreement.

I.     **THE ATTORNEYS' FEES REQUESTED IN THE MARCH 9, 2023, CHAPTER 13 FEE APPLICATION ARE PERMITTED BY THE FIXED FEE AGREEMENT**

The main contested issue is whether the fees requested under the March 9, 2023, Chapter 13 Fee Application are allowed under the hourly rate portion of the fixed fee agreement.  The principal question is whether the Debtors' requested fees are precluded under paragraph 1C of the agreement.  Because paragraph 4H controls, the Court will award the fees.

A.     **Paragraph 1C of the Fixed Fee Agreement Does Not Preclude an Award of Attorneys' Fees**

The Trustee claims that the requested attorneys' fees may not be awarded because the services provided by Gonzalez are covered by paragraph 1C of the fixed fee agreement.  ECF No. 115.  Paragraph 1C provides the following:

> 1. Counsel to Debtor(s) in this case, agrees to provide the following services to the Debtor(s) on a fixed fee basis: . . . .  C.  Assist the

Debtor(s) in preparing and filing the documents required by § 521
of the Bankruptcy Code and any required amendments.

ECF No. 7.

Section 521 provides a list of duties for debtors in a bankruptcy proceeding. *See* 11 U.S.C.

§ 521(a). Among them, as the Trustee cites, are the duties to file a schedule of current income and

current expenditures and to cooperate with the trustee as necessary to enable the trustee to perform

her duties. *Id*. § 521(a)(1)(B)(ii), (a)(3); ECF No. 115.

The Trustee asserts that Gonzalez's assistance to the Debtors in providing updated wage

information, updated Schedules I and J, and a revised wage order constitutes assistance to the

Debtors in complying with § 521 because "[t]he trustee has an obligation to adjust plan payments

and file Notices of Wage Order Adjustments which are mailed to the debtor's employer," and,

therefore, "it is necessary for the trustee to have updated and current income and employment

information." ECF No. 115. The Trustee claims that these services are subject to the Debtors'

continuing duty under § 521, and since the fixed fee agreement already provides for a total of

$4,500.00 in attorneys' fees to Gonzalez, an award of fees for these services is precluded by

paragraph 1C as covered by the fees provided in the plan. ECF No. 115.

Section 521(a)(1) governs filings required by a debtor to commence a bankruptcy case.

*See In re Cortez*, 457 F.3d 448, 457 (5th Cir. 2006). Providing current income and expenditure

information under § 521 is intended to assist the court in determining a debtor's post-petition

earnings and ability to fund a chapter 13 plan at the time of filing. *See Cortez*, 457 F.3d at 457.

On the other hand, the updated wage information was requested by the Trustee to adjust plan

payments and file Notices of Wage Order Adjustments. ECF No. 115.

The services subject to the fee application were performed by Gonzalez post-confirmation

upon requests for updated information by the Trustee. Providing updated wage information,

4 / 9

updated Schedules I and J, and a revised wage order after plan confirmation is not equivalent to the § 521 duty of providing a schedule of current income and current expenditures for the purposes of plan confirmation.

The Fifth Circuit has held that the Bankruptcy Code imposes a continuing duty of disclosure of certain assets.  *See In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999); *In re Flugence*, 738 F.3d 126, 129, 129 n.1 (5th Cir. 2013); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004); *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 259–61 (5th Cir. 2012). This continuing duty is a general duty arising under the Bankruptcy Code.  *See Coastal Plains*, 179 F.3d at 207–08.  The text of § 521 does not in itself provide any continuing duty for the assets identified in the statute.  *See, e.g.*, *Coastal Plains*, 179 F.3d at 207–08.  Although Gonzalez was required to provide the updated information requested by the Trustee, this was the product of a general continuing duty, not one directly arising under § 521.  Paragraph 1C of the fixed fee agreement is inapplicable to these services.

Similarly, the Debtors' § 521(a)(3) duty of cooperation with the Trustee "as necessary to enable the trustee to perform the trustee's duties" does not preclude an award of the requested hourly fees.  The language of paragraph 1C states that the paragraph applies to Gonzalez's services in assisting the Debtors in "preparing and filing the documents required by § 521," but the § 521(a)(3) duty is not an independent document filing requirement.  *See Cortez*, 457 F.3d at 457–58; ECF No. 7.  Rather, the duty is intended to ensure that debtors cooperate with the trustee during the administration of the bankruptcy case to assist the trustee in determining whether to support or oppose confirmation of a chapter 13 plan.  *See Cortez*, 457 F.3d at 457–58.

Finally, post-confirmation updated wage information, updated Schedules I and J, and a revised wage order are not "required amendments" under the language of paragraph 1C.  ECF No.

7.  Section 521 amendments are required when they are necessary for plan confirmation.  *See Cortez*, 457 F.3d at 457–58.  The requested updated information was not required for plan confirmation, because, as discussed, it was requested post-confirmation by the Trustee for plan payment adjustments and to file Notices of Wage Order Adjustments.  ECF No. 115.  Indeed, nothing in § 521 even requires that a wage order be filed.

Paragraph 1C does not preclude the attorneys' fees requested in the March 9, 2023, Chapter 13 Fee Application.

### B.   Paragraph 4H of the Fixed Fee Agreement Permits Attorneys' Fees for the Services Provided by Gonzalez During the Period Between November 14, 2022, and March 9, 2023

Paragraph 4H of the fixed fee agreement allows attorneys' fees for services not covered by paragraphs 4A-4G at a rate not to exceed $375.00, subject to court approval.  Specifically, paragraph 4H provides:

> 4.  The following services will also be provided, if needed, on a fixed fee basis . . . .  Payment may be made directly by the Debtor(s) or through the confirmed plan: . . . .  H.  [X].  Any legal services rendered that are not covered by an agreed fixed fee in paragraphs (A)-(G) above may be provided on an hourly fee basis at a rate not to exceed $375.00.  All hourly fees are subject to approval by the Bankruptcy Court after the filing and service of a proper fee application.

ECF No. 7.

Paragraph 4A covers motions for relief from the stay, paragraph 4B covers motions filed by the trustee to dismiss the case, paragraph 4C covers a debtor's motion to modify the plan, paragraph 4D covers the review of a notice filed pursuant to FED. R. BANKR. P. 3002.1(b) or (c), paragraph 4E covers a debtor's motion to sell, refinance, or incur debt regarding real property, paragraph 4F covers a debtor's surrender notice, and paragraph 4G covers a debtor's transfer of real property in satisfaction of a secured claim.  ECF No. 7.

Case 19-20180   Document 132   Filed in TXSB on 09/12/23   Page 7 of 9

Gonzalez has requested $1,283.96 in fees, representing 3.22 hours of attorney time at $375.00 per hour and 0.60 hours of legal assistant time at $125.00 per hour.  ECF No. 108.  The services provided by Gonzalez subject to this fee application are updated wage information, amended Schedules I and J, and a revised wage order requested by the Trustee during the time period between November 14, 2022, and March 9, 2023.  ECF No. 108.  These services are not covered by paragraphs 4A-4G of the fixed fee agreement and fall under paragraph 4H's "any legal services" language.  They may be awarded at a rate not to exceed $375.00 per hour.

No party challenges the $375.00 hourly rate billed for Gonzalez's services, which does not exceed the limit stated in the fixed fee agreement, or the $175.00 hourly rate billed for Gonzalez's legal assistant.  ECF Nos. 7, 108, 115.  The requested $1,283.96 is authorized by the fixed fee agreement.

## II.   THE ATTORNEYS' FEES REQUESTED IN THE APRIL 21, 2023, NOTICE OF ADDITIONAL ATTORNEY FEES ARE ALLOWED UNDER THE FIXED FEE AGREEMENT

The Debtors' April 21, 2023, Notice of Additional Attorney Fees requests $275.00 in fees for Gonzalez's review of the Trustee's Motion to Dismiss and preparation and filing of a Response to the Trustee's Motion to Dismiss.  ECF No. 120.  Paragraph 4B of the fixed fee agreement authorizes a fixed fee of $275.00 for "[m]otions filed by the chapter 13 trustee seeking dismissal of the case, for which the first hearing date is more than 120 days following the entry of an order of confirmation, and for which there is an agreement or no opposition."  ECF No. 7.

The Debtors' chapter 13 plan was confirmed on July 17, 2019.  ECF No. 41.  The applicable Trustee's Motion to Dismiss was filed on March 8, 2023, well over 120 days following the order of confirmation of the plan.  ECF No. 107.  On March 22, 2023, the Debtors filed a response to the Trustee's motion requesting a hearing on the motion and that the motion be denied.  This

response is governed by paragraph 4B.  ECF Nos. 7, 109.  The requested $275.00 is authorized by

the fixed fee agreement.

## III.   THE COURT APPROVES THE REQUESTED ATTORNEYS' FEES UNDER § 330(A)(4)(B) OF THE BANKRUPTCY CODE

A court may approve an application for attorneys' fees under the standard articulated in

§ 330(a)(4)(B):

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

With respect to the March 9, 2023, Chapter 13 Fee Application, Gonzalez provided the

Trustee with the Debtors' updated wage information, amended Schedules I and J, and a revised

wage order.  ECF No. 108.  These services are beneficial to the Debtors because they allow the

Trustee to adjust plan payments in accordance with the Debtors' current income and ability to pay.

*See* 11 U.S.C. § 1329(a); *In re Meza*, 467 F.3d 874, 878 (5th Cir. 2006).  These services are also

necessary for the administration of the Debtors' chapter 13 case and, as the parties indicate,

because the Debtors have an obligation to comply with the Trustee's requests.  ECF No. 108, 115.

With respect to the April 21, 2023, Notice of Additional Attorney Fees, Gonzalez reviewed

the Trustee's Motion to Dismiss and filed a Response to the Trustee's Motion to Dismiss.  ECF

No. 120.  Through the response to the Trustee's motion, Gonzalez submitted the Debtors' request

for a hearing and asserted the Debtors' position that the motion be denied, providing a clear benefit

to the Debtors in their effort to maintain the plan and prevent a dismissal or conversion to chapter

7.  ECF Nos. 107, 109.  These services are also necessary for the administration of the Debtors'

chapter 13 case.

The Court approves the $1,558.96 in post-confirmation legal fees requested in the Chapter 13 Fee Application and the Notice of Additional Attorney Fees.

## CONCLUSION

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED 09/12/2023

Marvin Isgur
United States Bankruptcy Judge